3/16/06

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KELLY HUGGINS AND ERIC HUGGINS                                    PLAINTIFFS

VS.                                                               No. 1:05cv157-D-D

AON CORPORATION, ET. AL                                           DEFENDANTS

## OPINION DENYING MOTION TO DISMISS

Presently before the Court is Defendant Aon Corporation's motion to dismiss for lack of personal jurisdiction. Upon due consideration, the Court finds that the motion shall be denied.

### A. Factual Background

The Plaintiffs originally filed this action in the Circuit Court of Oktibehha County, Mississippi, seeking damages for Defendants' alleged bad faith, fraud and misrepresentation. The Plaintiffs' claims center on a denial of benefits in association with a student health insurance policy. On June 20, 2005, the Defendants removed the action to this Court citing diversity jurisdiction.

The Plaintiffs purchased a Student Accident and Health Insurance Policy ("the Policy") from Defendant Gerber Life Insurance Company ("Gerber"). The Plaintiffs purchased this policy while they were enrolled as students at Mississippi State University in Starkville, Mississippi. The Plaintiffs were made aware of such a policy by a brochure summarizing the terms of the policy, the coverage and the premium costs. The brochure designated Defendant Aon Select, Inc. ("Aon Select") as the claims handler and/or administrator.

The issue in this case surrounds the Policy's maternity benefits coverage. Among other things, the Policy provided maternity benefits to pregnant college women. The provisions stated

that maternity benefits were available during the length of the policy and were also available to women who conceived prior to termination of the policy. This meant that women who conceived one month or two months prior to the termination of the policy were covered for their maternity benefits until the birth of their child.

The Plaintiffs claim and the Defendants concede that the Plaintiffs purchased a Policy and were insured for maternity benefits. In addition, the Defendants conceded that Plaintiff Kelly Huggins conceived during the policy coverage period. The Plaintiffs submitted claims for maternity benefits and were denied coverage. The Defendants stated that Plaintiffs' policy had expired at the time they claimed benefits.

The Plaintiffs allege that Aon Corporation participated in a cover-up of fraudulent activities by its subsidiaries, Aon Select and Gerber. The Plaintiffs mention a lawsuit that was filed in 2000, alleging wrongful denial of maternity benefits. In that lawsuit, the plaintiff had an insurance policy similar to the Plaintiffs in the current action. That plaintiff was also denied benefits on the grounds that her policy had expired. In discovery, that plaintiff requested the names of all other students who were denied under the same or similar policy provisions. The Plaintiffs in the current case allege that lawsuit began a mass cover-up by Aon Corporation. The Plaintiffs allege that Aon Corporation participated in ongoing bad faith due to their efforts to cover-up the denials of benefits.

Defendant Aon Corporation now moves this Court to dismiss it for lack of personal jurisdiction. Defendant Aon Corporation states that it had no active involvement in Plaintiff's underlying claim. Defendant Aon Corporation declares that it is a Delaware Corporation with its principal place of business in Illinois. Defendant Aon Corporation states that it has never availed itself to the jurisdiction of the State of Mississippi because it has neither: (1) executed a contract

in whole or in part in Mississippi; (2) committed a tort in whole or in part in Mississippi; or (3) done business in the State of Mississippi. For the following reasons Aon Corporation asks this Court to dismiss it from this action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

*B. Discussion*

Defendant Aon Corporation is not a Mississippi resident and asserts that this Court lacks personal jurisdiction over it. When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant. Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997). The plaintiff satisfies this burden by presenting a prima facie case that the court may properly exercise personal jurisdiction over the defendant under both the Mississippi long-arm statute and the due process principles of the Fourteenth Amendment to the United States Constitution. Allred, 117 F.3d at 281; Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999). In determining whether the plaintiff has met this burden, the Court must accept as true the uncontroverted allegations in the Plaintiff's complaint and must resolve all factual conflicts in favor of the Plaintiff. Latshaw, 167 F.3d at 211.

In federal diversity actions, the reach of federal jurisdiction over non-resident defendants is measured by a two-step inquiry. First, the law of the forum state must provide for the assertion of jurisdiction; second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment's Due Process Clause. Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985).

1. Mississippi Long-Arm Statute

Mississippi's long-arm statute, codified at Section 13-3-57 of the Mississippi Code, spells

out the circumstances under which Mississippi's courts may properly exercise in personam jurisdiction. The Statute provides:

> Any nonresident person, firm, general or limited partnership or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole of in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall be such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.

In Mississippi, a tort is not considered complete until an injury has occurred; if the injury occurs in the state, the tort is committed, at least in part, in this state, and the exercise of in personam jurisdiction of the nonresident tortfeasor is appropriate. Allred, 117 F.3d at 282; Mize v. Harvery Shapiro Enters., Inc., 714 F. Supp. 220, 222-23 (N.D. Miss. 1989). Since injury is a necessary element of a tort, where an injury results in the State of Mississippi, then a tort is considered to have been committed in part in Mississippi. Sorrells v. R & R. Custom Coach Works, 636 So. 2d 668, 672 (Miss. 1994). See Tellus Operating Group, LLC., v. R & D Pipe Co., 377 F. Supp. 2d 604, 607 (S. D. Miss. 2005); Thrash Aviation, Inc. v. Kelner Turbine, Inc., 72. F. Supp. 2d 709, 714 (S. D. Miss. 1999). Here, the Plaintiffs have alleged that Defendant Aon Corporation participated in the ongoing bad faith and the cover-up of the activities of Gerber and its subsidiary Aon Select. The Plaintiffs also allege that Aon Corporation's failure to properly supervise its subsidiary is an omission; thus, also meeting the definition of a tort. Finally, the Plaintiffs allege that Aon Corporation actively participated in the fraud ensuring that it achieved its desired loss ratio. The Plaintiffs allege that Aon Corporation's participation in emails concerning insureds in Mississippi accounts for committing a tort in whole or in part in

Mississippi.

In reviewing the Plaintiff's allegations, the Court finds that Plaintiff's allegations are sufficient to establish a prima facie case of personal jurisdiction under the "tort" prong of the Mississippi long-arm statute. Thompson, 755 F.2d at 1168. Brown v. Flowers Indus. Inc., 688 F.2d 328, 333 (5th Cir. 1982). The Plaintiffs have alleged that they suffered an injury in the State of Mississippi as a result of Defendant's actions. The Plaintiffs claim loss of maternity benefits, financial hardship, and emotional distress as injuries. Because the Plaintiffs are residents of Mississippi and were students in Mississippi at the time of the tort, the Court finds that their injuries occurred in Mississippi. The Court also notes that Defendant vehemently suggests to this Court that it has no employees, is a mere holding company, is not qualified to do business in Mississippi, and does not own stock, pay salaries or pay expenses for Gerber, Cambridge Integrated Services Group, Inc., or Managed Care Concepts of Delaware. The Court notes that in Kevann Cooke's affidavit he fails to mention that Aon Corporation does not own stock, pay salaries or pay expenses for Aon Select. The Plaintiffs allege that Aon Select was the entity responsible for denying the maternity benefits. In light of an injury incurring in Mississippi, the allegations that Aon acted in bad faith in Mississippi, and pursuant to Mississippi's long-arm statute, the Court finds that its exercise of personal jurisdiction over the subject Defendants is appropriate.

2. The Fourteenth Amendment's Due Process Clause

The Court's determination that it has personal jurisdiction over Aon Corporation pursuant to the Mississippi long-arm statute does not end the Court's inquiry into whether personal jurisdiction is proper. The Court must now determine whether this Court's exercise of in personam jurisdiction of this Defendant comports with the Fourteenth Amendment. The Due

Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant only when that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).

The United States Supreme Court defined minimum contacts as those activities that will "support an inference that the nonresident defendant purposefully availed [itself] of the benefits of conducting business in the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980); Thompson, 755 F.2d at 1170; see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-74, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (holding that "[w]here individuals 'purposefully derive benefit' from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed."). The defendant's contacts with the forum state, however, must be such that he "should reasonably anticipate being haled into court" in the forum state. World-Wide Volkswagen, 444 U.S. at 297.

The minimum contacts prong of the inquiry may be further subdivided into contacts that give rise to either "general" or "specific" jurisdiction over a nonresident defendant. Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984). General jurisdiction applies where a defendant's activities in the state are "substantial" or "continuous and systematic" even if the cause of action is unrelated to those

activities. Helicopteros, 466 U.S. at 414.

When the exercise of general jurisdiction is inappropriate, as it appears here, a court may exercise specific jurisdiction if the suit "is related to or arises out of" the defendant's contacts with the forum state; even a single purposeful contact may be sufficient. Helicopteros, 466 U.S. at 414; Thompson, 755 F.2d at 1172; Brown, 688 F.2d at 333-34. Likewise, an action done outside the state that has consequences within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the defendant knew that its acts would have an impact on the plaintiff in the forum state or if it was highly likely that such effects would follow from the nonresident defendant's conduct. Calder v. Jones, 465 U.S. 783, 789-90, 104 S. Ct. 1482, 1487, 79 L. Ed. 2d 804 (1984). The Court now turns to the Plaintiff's specific allegations concerning the Defendant's activities in Mississippi.

The Plaintiffs assert that the Defendant covered-up the wrongful acts of its subsidiary regarding the Plaintiffs' claims. In addition, the Plaintiffs assert that Defendant Aon Corporation participated in ongoing bad faith between the other Defendants. The Defendants placed a brochure soliciting students in the State of Mississippi to contract for health insurance. Defendant Aon Select, a subsidiary of Aon Corporation, was listed as the administrator of this policy. Merely introducing a product into the stream of commerce does not constitute an act of a defendant purposefully directed toward the Forum state. Asahi Metal Industry Co. Ltd. v. Superior Court of California, 480 U.S. 102, 112, 107 S. Ct. 1026, 1032, 94 L. Ed. 2d 92 (1987). Additional conduct on behalf of the defendant is required to show an intent to serve the market in the Forum state. Id. The Defendants used a brochure to advertise their product in Mississippi. In addition, Defendant Aon Select was the claims handler and claims information was routed through that entity. Finally, the Plaintiffs allege a cover-up by Defendant Aon Corporation. The

Plaintiffs allege that cover-up is an act that is directed at the State of Mississippi. In addition, acts of concealment or fraud are sufficient to meet the minimum contacts prong of personal jurisdiction. See Morrone Co. v. Barbour, 241 F. Supp.2d 683, 688 (S.D. Miss. 2002).

The Court finds that such contacts qualify as the minimum contacts to state a prima facie case for personal jurisdiction. Thompson, 755 F.2d at 1172. Due to this finding, the Court must now evaluate the fairness of the exercise of personal jurisdiction over the Defendant and ensure that it is reasonable to require the Defendant to defend this suit in Mississippi. World-Wide Volkswagen, 444 U.S. at 292.

Once it has been determined that a defendant has purposefully established minimum contacts within the forum state, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with traditional notions of fair play and substantial justice. International Shoe Co., 326 U.S. at 320. Thus, the Courts should evaluate: (1) the burden of the defendant in defending the lawsuit; (2) the Forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the shared interests of the several States in furthering fundamental social policies. Burger King Corp., 471 U.S. at 477. Once a plaintiff has shown that a defendant purposefully established adequate minimum contacts, then personal jurisdiction is deemed fair unless the defendant presents a compelling case that the court's exercise of jurisdiction is unreasonable. Id. at 477-78; Grundle Lining Constr. Corp. v. Adams County Asphalt, Inc., 85 F.3d 201, 207 (5th Cir. 1996). The Court will now turn to the factors of fair play and substantial justice in this case.

First, the Defendant claims it would be a burden to litigate in Mississippi. However, due

to Defendant's alleged cover-up, it should have anticipated its activities would avail it to jurisdiction in Mississippi. Second, Mississippi has a great interest in adjudicating this dispute. The Plaintiffs in this case are Mississippi residents and numerous Mississippi residents bought these health insurance policies. Third, the Plaintiffs' interest in obtaining convenient and effective relief definitely favors this Court exercising jurisdiction. The Plaintiffs were students in Mississippi, are residents of Mississippi and probably most of their witnesses reside here. The Defendants have not presented a compelling argument against this prong. Fourth, this prong is usually neutral to the exercise of jurisdiction. However, since Mississippi law governs insurance contracts made in this state, then the interest of the interstate judicial system is served. Finally, the social policies of Mississippi are best served if this Court exercises jurisdiction. The State of Mississippi desires its residents to be equitably and fairly treated by insurance companies. In addition, the State of Mississippi desires corporations doing business with its residents not to participate in fraudulent activity.

The Court finds that the Plaintiffs have presented a prima facie case for personal jurisdiction and that the exercise of personal jurisdiction over Defendant Aon Corporation is constitutionally permissible. Therefore, the Court shall maintain jurisdiction over Defendant Aon Corporation. The Defendant's motion to dismiss for lack of personal jurisdiction shall be denied.

3. Objection

Defendant Aon Corporation objected to all exhibits attached to Plaintiffs' Memorandum Brief in Opposition of Defendant's motion to dismiss on the grounds of attorney-client privilege. The Court finds that Defendant Aon Corporation's objection is not well-taken and is overruled. The Court further notes that Defendant has not waived its attorney-client privilege with its

response.

## C. Conclusion

In sum, the Court concludes that the Defendants are subject to the personal jurisdiction of this Court. The exercise of personal jurisdiction is proper under the tort prong of the Mississippi Long-Arm Statute. In addition, the Court finds that the Defendant had minimum contacts with the State of Mississippi and that this Court's exercise of jurisdiction is constitutionally permissible. Therefore, the Defendant Aon Corporation's motion to dismiss shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 16th day of March 2006.

/s/ Glen H. Davidson
Chief Judge